**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DROP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DANIAL DANISH, DANIAL DANISH CONSULTANCY, INC., ERIK SUNDBERG, and AZMI CONSULTING, INC., <br><br> Defendants. | Case No. 1:21-cv-02098 <br><br> Honorable Rebecca R. Pallmeyer |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF**
**DOCUMENTS AND DESIGNATION OF 30(b)(6) WITNESS**

Defendants Danial Danish, Danial Danish Consultancy, Inc., and Azmi Consulting, Inc. (collectively referred to as "Danish"), pursuant to Fed. R. Civ. Pro. 37(a)(3)(B), through their attorneys Trivedi & Khan, P.C., and for their Motion to Compel Production of Documents and Designation of 30(b)(6) Witness, state as follows:

1. On May 6, 2021, Plaintiff issued document requests seeking documents within 7 days of issuance. The discovery included 15 separate document requests.

2. As soon as current counsel was retained on May 12, 2021, he began reviewing all the pending issues in the case.

3. On May 26, 2021, Plaintiff filed a Motion to Compel Production of Documents – two weeks after propounding them, and after a TRO was secure.

4. Danish has since cooperated with Plaintiff, provided written answers to numerous document requests, and produced over 7000 documents. He was also deposed by Plaintiff.

1

5. In late June and early July 2021, Danish's counsel made clear that it believed that Plaintiff had documents related to its agreement with its developers. These documents would be highly relevant to the issue of defining trade secrets. Plaintiff even identified a particular document. In the spirit of expedited discovery, Danish asked that these documents be produced.

6. Plaintiff ignored Danish's requests for documents and Danish's efforts to produce documents, and instead, on July 7, 2021, renewed its motion to compel document production.

7. On July 21, 2021, Danish served Plaintiff with a request for documents and a Rule 30(b)(6) notice. (Def's First Set of Exp. Doc. Requests, attached as Ex. 1)

8. On July 29, 2021, the Court determined that the best way to move forward is to brief the limited issue of whether Plaintiff in fact has a trade secret. A briefing schedule was set where Danish was to file its Motion for Summary Judgment by August 12, 2021.

9. Danish's discovery consists of five document requests seeking an expedited production in 2 days. The requests sought basic documents related to Plaintiff's development of its claimed trade secrets, including communications and agreements with developers. The documents are essential to the issue of whether a trade secret exists.

10. Plaintiff's counsel made it clear, on numerous occasions, that it would not produce documents and that it was not able to identify a 30(b)(6) witness. The topics listed in the deposition notice specifically included the trade secrets identified by Plaintiff. (30(b)(6) Notice, attached as Ex. 2). This topic is obviously relevant to the existence of a trade secret.

11. The parties tried to work out this impasse by e-mail, which ultimately lead to a meet and confer teleconference on August 10, 2021.

12. Danish, again attempting to compromise considering the expedited briefing schedule, offered to limit the discovery and receive documents on a rolling basis.

13. Ultimately, later that day, Plaintiff made clear that it would not be producing documents any time soon. During the meet and confer conference, Plaintiff's counsel made clear that production would take months.

14. As of August 12, 2021, no responses to the 5 document requests have been provided and a witness has not been identified.

15. Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

16. Courts may permit expedited discovery depending on whether the particular circumstances demonstrate good cause. *See Roche Diagnostic Corp. v. Automation Sys.*, No 1:10-CV-01718-SEB-DML, 2011 U.S. Dist. LEXIS 4171 at *8 (Ind. S. D., Jan. 14, 2011). In our case, expedited discovery has been permitted in Plaintiff's favor because a preliminary injunction hearing was scheduled. *See Inventus Power, Inc. v. Shenzhen Ace Battery Co., Ltd.*, 20- CV-3375, 2020 WL 3960451 (N.D. Ill. Aug. 13, 2020). Plaintiff has taken advantage of that, and now has received over 7000 pages of documents and has taken Danish's deposition.

17. Similarly, good cause exists for Danish's discovery requests, because Danish should be permitted to explore into the nature of Plaintiff's alleged trade secrets before filing its motion on that topic.

18. Furthermore, Danish's discover requests are imminently reasonable. *See Share Corp. v. Momar, Inc.*, No. 10-CV-109, 2010 U.S. Dist. LEXIS 24653 at *3 (E.D. Wis. Feb. 26, 2010) (reasonableness determined by balancing prejudice to responding party and need for discovery). There is no real prejudice to Plaintiff. The requests are limited and could potentially be further limited. Identifying a witness who can discuss Plaintiff's position on its alleged trade secrets is not prejudicial or burdensome.

19. The expedited nature of the discovery requests is also reasonable given their limited scope and the fact the Court has requested briefing on the issue of whether a trade secret exists.

20. Pursuant to Rule 37(a)(3)(B)(iv), a party may move to compel discovery when another party "fails to produce documents or fails to respond that inspection will be permitted." When ruling on a motion to compel, the Court "has both the authority and the obligation to order" requested discovery that is relevant to a party's claim or defense and proportional to the needs of the case. Vance v. Rumsfeld, No. 06 C 6964, 2007 WL 4557812, at *12 (N.D. Ill. Dec. 21, 2007). Danish's requests seek documents that are highly relevant to both the case and the summary judgment briefing. The requests are also narrowly tailored and proportional to the needs of the case.

21. Similarly, Rule 37(a)(3)(B)(ii) permits a party to move to compel the designation under Rule 30(b)(6).

22. Good faith efforts to meet and confer have been made. While Plaintiff seemed to be open to a compromise, after the meet and confer conference, it is clear that Plaintiff has refused to provide answers, partial or otherwise, to the discovery requests.

WHEREFORE, Defendants Danial Danish, Danial Danish Consultancy, Inc., and Azmi Consulting, Inc. respectfully request that this Court enter an Order (1) granting its Motion; (2) compelling Plaintiff to provide answers to Danish's First Set of Expedited Document Requests and all responsive documents immediately; (3) compelling Plaintiff to designate a witness to testify to the topics related to its alleged trade secrets; and (4) granting such other and further relief as this Court deems just.

Respectfully submitted,

**DANIAL DANISH, DANIAL DANISH CONSULTANCY, INC., AND AZMI CONSULTING, INC**

*s/ Zubair A. Khan*
One of their attorneys

Zubair A. Khan (6275265)
Trivedi & Khan, P.C.
550 W. Washington Blvd., Suite 201
Chicago, Illinois 60661
Phone: (312) 612-7619
Fax: (224) 353-6348
Email: service@trivedikhan.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon:

>Jacob Koening
>Scott R. Lesser
>Miller Canfield
>*Counsel for Drop, Inc.*
>840 W. Long Lake Road, Suite 150
>Troy, MI 48098
>koening@millercanfield.com
>lesser@millercanfield.com
>
>David Adler
>Adler Law Group
>*Counsel for Erik Sundberg*
>300 Saunders Road, Suite 100
>Riverwoods, Illinois 60015
>Email: David@adler-law.com

by the Court's automated e-filing service on the 12th of August, 2021.

>*/s/ Jessica R. Howell*
>Jessica R. Howell, Paralegal